IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDEL MCKINNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 21-CV-749-SMY |
| | ) |
| DAVID PAUL, Warden, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Kendel McKinney filed this habeas corpus action under 28 U.S.C. § 2241 to challenge the application of a predicate "felony drug offense" following *U.S. v. Mathis*, 136 S. Ct. 2243 (2016) (Doc. 1). Respondent's Motion to Dismiss the Petition is now before the Court for consideration (Doc. 18).[1] For the following reasons, the Petition is **DISMISSED**.

**Factual and Procedural Background**

McKinney was indicted by a grand jury on February 7, 2007, on two counts of knowingly and intentionally distributing less than 5 grams of crack cocaine in violation of 21 U.S.C. §841(a)(1) and §841 (b)(1)(C). *United States of America v. Kendel W. McKinney, Case No. 4:07-cr-40018-JPG-1 (S.D. Ill.)*. He ultimately pleaded guilty to both counts of the indictment. *Id.* Because of prior state convictions, McKinney received an enhancement under 21 U.S.C. §851 and was deemed a career offender. *Id.* Based on an offense level of 31 and a criminal history category of VI, McKinney's guidelines sentencing range was 188 to 235 months. *Id.* The Court ultimately sentenced him to 293 months of imprisonment, six years of supervised release, a $500 fine, and a $200 special assessment. *Id.*

---

[1] McKinney did not file a response.

McKinney filed a direct appeal to the Seventh Circuit Court of Appeals challenging his sentence. The Seventh Circuit found the sentence to be reasonable and affirmed the judgment. *U.S. v. McKinney*, 543 F.3d 911 (7th Cir. 2008). McKinney did not file a petition for writ of certiorari with the United States Supreme Court.

McKinney then filed a motion under 28 U.S.C. §2255 arguing: (1) that trial counsel was ineffective in failing to object to his criminal history category and investigate a prior conviction that made him eligible for the career offender guidelines; and, (2) that his guilty plea was involuntary and unknowing because counsel failed to explain the elements of §851. *McKinney v. United States of America, Case No. 3:09-cv-723-JPG (S.D. Ill.)*. The district court denied the motion, and McKinney filed a Notice of Appeal. *Id*. The appeal was dismissed for failure to timely pay the required docketing fee. *Id.*; *McKinney v. United States of America*, Appeal No. 11-2876 (7th Cir. 2011).

In the instant action, McKinney seeks to challenge his designation and sentence as a career offender under 28 U.S.C. §2241 (Doc. 1). He requests that his sentence be vacated and reimposed without any career criminal enhancements. Respondent seeks dismissal of McKinney's Petition in light of *Jones v. Hendrix*, 599 U.S. _____ (2023), No. 21-857, slip op. at pp. 9-11 (Sup. Ct. June 22, 2023).

## Discussion

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. See, *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Until recently, the law of this Circuit permitted petitioners to employ 28 U.S.C. § 2241 to challenge their conviction and sentence via a "savings clause" in 28 U.S.C. § 2255(e). *In re Davenport,* 147 F.3d 605, 610-11

(7th Cir. 1998).  However, the Supreme Court recently closed the door on that possibility, holding that "the saving clause does not authorize such an end-run [on § 2255]" and that § 2241 may only be employed "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence."  See, *Jones v. Hendrix*, 599 U.S. ____ (2023), No. 21-857, slip op. at pp. 9-11 (Sup. Ct. June 22, 2023).

Because McKinney presents no circumstances that made it impossible or impracticable for him to seek relief in the sentencing court (as he did seek relief in the sentencing court and on appeal) nor any challenge other than a collateral attack on his sentencing, his Petition must be dismissed.

## Disposition

Petitioner Kendel McKinney's 28 U.S.C. § 2241 Petition is **DISMISSED** with prejudice. All pending motions are **TERMINATED AS MOOT**.  The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for McKinney to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).  If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within the appropriate time period for his case, as provided in Federal Rule of Appellate Procedure 4(a). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment; this deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Petitioner does choose

to appeal and is allowed to proceed IFP, he may be required to pre-pay a portion of the $505.00

appellate filing fee, commensurate with his ability to pay.  *Walker v. O'Brien,* 216 F.3d 626, 638

n.5 (7th Cir. 2000); FED. R. APP. P. 3(e).

      **IT IS SO ORDERED.**

      **DATED:  November 2, 2023**

                                        **STACI M. YANDLE**
                                        **United States District Judge**